UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY SCOTT HUSBAND, JR.,

    Petitioner,

v.

LLOYD RAPELJE,

    Respondent.
_____/

CASE NO. 2:10-CV-12925
JUDGE STEPHEN J. MURPHY, III
MAGISTRATE JUDGE PAUL J. KOMIVES

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also deny a certificate of appealability.

II.    REPORT:

A.    *Procedural History*

1.    Petitioner Jeffrey Scott Husband, Jr. is a state prisoner, currently confined at the Saginaw Correctional Facility in Freeland, Michigan.

2.    On March 13, 2008, petitioner pleaded guilty to second-degree murder, MICH. COMP. LAWS § 750.317; and to being a third habitual offender, MICH. COMP. LAWS § 769.11, in the Ingham County Circuit Court. On September 3, 2008, he was sentenced to 35-55 years of imprisonment for the conviction of second-degree murder as a third habitual offender.

3.    Petitioner sought leave to appeal in the Michigan Court of Appeals raising, through counsel, the following claims:

    I.    THE TRIAL COURT ERRED BY FAILING TO ALLOW

1

>   [PETITIONER] TO WITHDRAW HIS GUILTY PLEA BECAUSE HIS GUILTY PLEA WAS NOT KNOWINGLY, UNDERSTANDINGLY, AND VOLUNTARILY GIVEN.
>
>   II. THE TRIAL COURT ERRED BY FAILING TO ALLOW MR. HUSBAND TO WITHDRAW HIS GUILTY PLEA BECAUSE HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.

The court of appeals denied petitioner's application for leave to appeal. *See People v. Husband*, No. 293882 (Mich. Ct. App. October 21, 2009).

4. Petitioner, proceeding *pro se*, sought leave to appeal in the Michigan Supreme Court, raising the following claims:

>   I. THE TRIAL COURT ERRED BY FAILING TO ALLOW [PETITIONER] TO WITHDRAWAL HIS GUILTY PLEA BECAUSE HIS GUILTY PLEA WAS NOT KNOWINGLY, UNDERSTANDINGLY, AND VOLUNTARILY GIVEN.
>
>   II. THE TRIAL COURT ERRED BY FAILING TO ALLOW MR. HUSBAND TO WITHDRAWAL OF HIS GUILTY PLEA BECAUSE HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.

The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Husband*, 485 Mich. 1104, 778 N.W.2d 256 (2010).

5. Petitioner, through counsel, filed the instant application for a writ of habeas corpus on July 27, 2010. As grounds for the writ of habeas corpus, he raises two claims.

>   I. THE TRIAL COURT VIOLATED THE UNITED STATES CONSTITUTION BY DENYING MR. HUSBAND DUE PROCESS OF LAW WHEN IT REFUSED TO ALLOW THE WITHDRAWAL OF HIS GUILTY PLEA BECAUSE HIS OFFER OF A GUILTY PLEA WAS NOT KNOWINGLY, UNDERSTANDINGLY, AND VOLUNTARILY GIVEN.
>
>   II. THE TRIAL COURT VIOLATED THE UNITED STATES CONSTITUTION BY DENYING MR. HUSBAND DUE PROCESS OF LAW WHEN IT REFUSED TO ALLOW THE WITHDRAWAL OF HIS GUILTY PLEA BECAUSE HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.

6. Respondent filed his answer on February 3, 2011. He contends that petitioner's claims

either are without merit or are state law claims which are not cognizable on habeas review.

B.   *Factual Background Underlying Petitioner's Conviction*

Petitioner's convictions arise from the shooting and death of his girlfriend, Vanessa Pruitt, the mother of his three children. At the preliminary examination Lataesha Cole testified that she and Miss Pruitt were sitting on a couch inside Pruitt's apartment when petitioner walked in holding a pistol in his hand. He shot at them several times from about three feet away. The shots killed Miss Pruitt and Miss Cole was grazed by a bullet in the arm and lost 60% of her hearing.

On the day set for trial, petitioner entered a guilty plea. Pursuant to the plea agreement, petitioner agreed to plead guilty to one count of second-degree murder as a third felony habitual offender, in exchange for the dismissal of the remaining six counts he was charged with. The plea agreement did not contain a sentencing agreement. *See* Plea Tr., dated 3/13/08, at 11-12. Petitioner stated his agreement with the plea deal and the fact that no sentencing agreement existed. Petitioner also stated that no one had made any promises to him about his sentence. The trial court explained that petitioner knowingly waived his right to trial, his right to remain silent, and the right to call witnesses in his defense when he plead guilty.

After his plea and prior to sentencing, petitioner filed a motion to withdraw his plea. Petitioner argued that he should be allowed to withdraw his plea because it was entered into involuntarily and as a result of counsel's ineffective assistance. Specifically, petitioner argued that counsel was ineffective in advising him to plead guilty. Petitioner argues that his attorney fraudulently and purposefully misrepresented that the plea bargain included an agreement for a determinate sentence, specifically, a flat sentence of 22 years in prison. At sentencing, the trial court denied the motion, concluding that petitioner had voluntarily entered into the plea and there

was no misconduct by his attorney.

C. *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also, Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also, Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of

4

petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also, Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also, Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also, Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir.

5

2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.   *Analysis*

   1. Validity of Plea/ Ineffective Assistance of Counsel

   a. *Clearly Established Law*

A plea of guilty is valid if it is entered voluntarily and intelligently, as determined under the totality of the circumstances. *See Brady v. United States*, 397 U.S. 742, 748-49 (1970); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). The Constitution requires, for a plea to be valid, that the defendant be informed of all direct consequences of his plea. *See Brady*, 397 U.S. at 755; *King*, 17 F.3d at 153. A solemn declaration of guilt by the defendant carries a presumption of truthfulness. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S. 637, 648 (1976). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74. Where the defendant "was fully aware of the likely consequences when he pleaded guilty[,] it is not unfair to expect him to live with those consequences[.]" *Mardy v. Johnson*, 467 U.S. 504, 511 (1984). Thus,

> [i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. It is also well settled that plea agreements are consistent with the requirements of voluntariness and intelligence--because each side may obtain advantages when a guilty plea is exchanged for sentencing concessions, the agreement is no less voluntary than any other bargained-for exchange.

*Id.* at 508 (footnotes omitted).

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687

(1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id.* at 687. These two components are mixed questions of law and fact. *See id.* at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed." *Id.*

With respect to the performance prong of the *Strickland* inquiry, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. Where, as here, a petitioner challenges counsel's effectiveness with respect to a guilty plea, "in order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also, O'Hara*, 24 F.3d at 828. However, with respect to the prejudice prong it is not enough for petitioner to merely allege

that he would have insisted on going to trial had counsel properly advised him. As other judges of this Court have explained:

> In the guilty plea context the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 28-29, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Furthermore, this determination depends in large part on a prediction of what the outcome of a trial might have been. *Id.* at 58-60, 106 S.Ct. 366; *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). In other words, the petitioner must show that, but for counsel's errors, he would not have pleaded guilty, because there would have been at least a reasonable chance he would have been acquitted. If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same, or greater, charges after a trial, he cannot show that the advice to plead guilty prejudiced him. A petitioner's conclusory allegation that, but for an alleged attorney act or omission, he would not have pleaded guilty is not enough to prove such a claim. Petitioner must show that there is a reasonable probability that the result of the proceeding would have been different. It is not sufficient to show that, but for counsel's alleged errors he would have been convicted after a trial instead of after entering a guilty plea.

*Garrison v. Elo*, 156 F. Supp. 2d 815. 829 (E.D. Mich. 2001) (O'Meara, J.); *see also, Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 655 (E.D. Mich. 2002) (Friedman, J.) (same); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 587 (E.D. Mich. 2001) (Hood, J.) ("If examination of the totality of the circumstances shows that a petitioner would in all likelihood have been convicted of the same, or greater, charges after a trial, he cannot show that the advice to plead guilty prejudiced him.").

b. *Analysis*

Petitioner contends that his guilty plea was involuntary and based on ineffective assistance of counsel because counsel purposefully misrepresented that the plea bargain included an agreement for a flat sentence of 22 years in prison. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

8

As a general matter, petitioner's statements at the plea hearing belie his claims. At the hearing, petitioner indicated that he understood the nature of the rights he was giving up by pleading guilty. *See* Plea Tr., at 8-11. Petitioner also denied that any threats or coercion had been made to induce his plea. *Id.* at 13. These statements "carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74 ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). As a number of Judges of this Court have observed:

> When a petitioner brings a federal habeas petition challenging his plea of guilty (or no contest), the state generally satisfies its burden by producing a transcript of the state court proceeding showing that the plea was made voluntarily. The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court....Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evidenced by the plea colloquy, is valid.

*Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 749 (E.D. Mich. 2005) (Gadola, J.) (citations omitted); *accord Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 651-52 (E.D. Mich. 2002) (Friedman, J.); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002) (Cleland, J.); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 586 (E.D. Mich. 2001) (Hood, J.); *Myers v. Straub*, 159 F. Supp. 2d 621, 626 (E.D. Mich. 2001) (Steeh, J.). In short where, as here, "the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry." *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (internal quotation omitted). In view of this standard and petitioner's statements at the plea colloquy, petitioner's claim that his guilty plea is invalid is without merit.

Turning more specifically to the claim raised, petitioner alleges that counsel wrongly

assured him of a "flat" 22 year prison term, adducing his plea. In light of the facts, there is no evidence to support petitioner's claim that his attorney assured him of a flat sentence term. Looking at the statements made during the plea hearing, petitioner testified that no one had made any promises to him pertaining to the plea agreement. *See* Plea Tr., at 13. Furthermore, petitioner accepted and understood that by pleading guilty to the charge he could have possibly received life in prison. *Id.* at 7. This evidence shows that there was no promise by his attorney for a flat prison term. The plea came with no sentence agreement and the petitioner was fully aware of it.

Petitioner has not provided evidence that shows his counsel guaranteed a flat prison term; thus petitioner has not established that his counsel was ineffective. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

Moreover, with respect to petitioner's ineffective assistance claim, petitioner cannot show prejudice. To show prejudice, the petitioner must show that the fact finder after analyzing the totality of the evidence would have had a reasonable doubt respecting his guilt. In the case at hand, the evidence shows that a fact finder would have no doubt respecting petitioner's guilt. First, there is strong eyewitness testimonial evidence of the murder proving that petitioner committed the crime. Second, the petitioner himself knowingly and voluntarily pleaded guilty to the murder. Last, petitioner has failed to establish that, but for counsel's allegedly bad advice, he would have gone to trial and faced possible multiple life sentences. This totality of the evidence shows that there was a lack of prejudice to the petitioner and thus there was no ineffective assistance of counsel.

2. *Withdrawal*

In the state court, petitioner contended that the trial court erred in failing to allow him to withdraw his plea. To the extent that he is raising this claim apart from his involuntary plea and

ineffective assistance of counsel claims, it provides no basis for habeas relief.

A writ of habeas corpus may be granted "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner cannot show a denial of his constitutional rights by the trial court's failure to allow him to withdraw his plea. Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). A criminal defendant has no constitutional right to withdraw a validly and voluntarily entered guilty plea. *See Chene v. Abramajtys*, No. 95-1491, 1996 WL 34902, at *2 (6th Cir. Jan. 29, 1996); *Metcalf v. Bock*, No. 00-10361-BC, 2002 WL 31749157, at*5 (E.D. Mich. Dec. 5, 2002) (Lawson, J.); *Freeman v. Muncy*, 748 F. Supp. 423, 429 (E.D. Va. 1990); *Williams v. Smith*, 454 F. Supp. 692, 696 (W.D.N.Y. 1978), *aff'd*, 591 F.2d 169 (2d Cir. 1979). Thus, the trial court's failure to allow petitioner to withdraw his plea under the governing state court rules does not state a cognizable basis for habeas relief.

Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

E.     *Recommendation Regarding Certificate of Appealability*

    1.     *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in

11

*Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073 (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11

12

requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

   2.   *Analysis*

If the Court accepts my recommendation on the merits, the Court should also deny petitioner a certificate of appealability, for the reasons explained above. The record establishes that petitioner's plea was knowingly and voluntarily entered. Thus, the conclusion that petitioner's plea was voluntary is not reasonably debatable. Further, it is clear under established Supreme Court precedent that petitioner's plea withdrawal claim is not cognizable on habeas review, and thus the resolution of this claim is not reasonably debatable. Petitioner has failed to establish that, had he gone to trial, he would have been found not guilty. Therefore, the resolution of petitioner's ineffective assistance of counsel claim is not reasonably debatable. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

F.   *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

```
                                    s/Paul J. Komives
                                    PAUL J. KOMIVES
                                    UNITED STATES MAGISTRATE JUDGE
Dated: 8/3/11
```

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 3, 2011.

```
                                    s/Susan Jefferson
                                    Deputy Clerk
```