UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY SCOTT HUSBAND, JR.,

      Petitioner,

v.

WARDEN LLOYD RAPELJE,

      Respondent.

_____/

Case No. 10-cv-12925

HONORABLE STEPHEN J. MURPHY, III

### ORDER ADOPTING REPORT AND RECOMMENDATION
(docket no. 32), **OVERRULING OBJECTIONS** (docket no. 33),
**AND DENYING THE PETITION FOR HABEAS CORPUS** (docket no. 1)

Petitioner Jeffrey Scott Husband, Jr. is currently imprisoned at the Saginaw

Correctional Facility in Saginaw County, Michigan. Pursuant to a plea agreement, Husband

pleaded guilty to second-degree murder and to being a third habitual offender. He was

sentenced on September 3, 2008, to thirty-five to fifty-five years imprisonment based on

this conviction. Husband now contends that his guilty plea was not knowingly and

voluntarily entered because it was based on the improper and erroneous advice of his trial

counsel. Specifically, Husband claims that he agreed to enter his guilty plea only after his

attorney promised that he would receive a "flat" twenty-two year sentence. After pursuing

all available avenues for appeal in the Michigan courts, Husband filed a petition for a writ

of habeas corpus with this Court, pursuant to 28 U.S.C. § 2254(a), claiming the following

two constitutional violations:

      I.) The trial court violated the United States Constitution by
denying Mr. Husband due process of law when it refused to
allow the withdrawal of his guilty plea because his offer of a

guilty plea was not knowingly, understandingly and voluntarily given; and

II.) The trial court violated the United States Constitution by denying Mr. Husband due process of law when it refused to allow the withdrawal of his guilty plea because he was denied the effective assistance of counsel.

The Court referred the case to a magistrate judge for a report and recommendation ("Report"). After consideration of the petition and the warden's response, the magistrate judge recommended that the Court deny the petition and deny a certificate of appealability. Husband has filed timely objections to the Report. After performing an appropriate review of the Report and its findings, the Court will overrule Husband's objections, adopt the Report in full, deny the petition for habeas corpus, and deny the certificate of appealability.

## STANDARD OF REVIEW

Civil Rule 72(b) governs the Court's review of the instant Report and Recommendation. The Court is required to perform a *de novo* review of the magistrate judge's findings regarding a dispositive motion or prisoner petition if the parties "serve and file specific written objections to the proposed findings and recommendations" in a timely manner. Fed. R. Civ. P. 72(b)(2). Husband has filed objections to the Report, and, accordingly, the Court will review *de novo* all of his objections.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") govern this case, since it was filed after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA provides that a writ of habeas corpus may only be granted if the state court reached "a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or if the state court proceeding "resulted in a decision that was

2

based on an unreasonable determination of the facts in light of the evidence presented."
28 U.S.C. §2254(d).

## DISCUSSION

Petitioner's plea and ultimate conviction arise from the shooting death of his girlfriend, Vanessa Pruitt, the mother of his three children.  The magistrate judge notes in his Report that, pursuant to the plea agreement, Husband agreed to plead guilty to one count of second-degree murder as a third felony habitual offender in exchange for the dismissal of six other counts.  Further, the magistrate judge notes that the plea agreement did not contain a sentencing agreement, that Husband recognized this, and that he stated on the record at his plea hearing that no one had made any promises to him about his sentence. Report 3, ECF No. 32.  After entering his plea and prior to sentencing, Husband filed a motion to withdraw his plea arguing that it was involuntary because his counsel was ineffective.  Husband alleged that his counsel had misrepresented to him that the plea bargain contained an agreement for a flat sentence of twenty-two years incarceration.  The trial court denied the motion, finding that allowing the plea to be withdrawn would not be in the interests of justice.  In denying the motion, the court rejected Husband's testimony that his attorney had assured him a twenty-two year sentence and found that this contention was unsupported in the record and "lacking in credibility."  *See* Mot. Withdraw Guilty Plea Tr. 31, ECF No. 29-9.

After reviewing the state court record, the magistrate judge recommends denying Husband's instant petition because he has failed to show that his counsel guaranteed that he would receive a flat twenty-two year sentence and because, even if such a promise was made, Husband cannot show he was prejudiced by his attorney's error.  Thus, the

3

magistrate judge found that Husband failed to carry his burden under *Strickland v. Washington* for proving an ineffective assistance of counsel claim.  Specifically, he failed to show that (1) his counsel's errors were so serious that counsel was not functioning as the "counsel" guaranteed defendants by the Sixth Amendment, and that (2) he was prejudiced by his counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Husband objects to the following findings by the magistrate judge: (1) there is no evidence to support petitioner's claim that his attorney assured him of a flat sentence;  (2) Husband failed to show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial;  (3) Husband cannot show that the advice to plead guilty prejudiced him; and (4) the trial court's failure to allow Husband to withdraw his guilty plea under governing state court rules does not state a cognizable basis for habeas relief.  *See* Pet.'s Obj., ECF No. 33.  For the reasons that follow, the Court finds these objections lack merit and will overrule them.

To support his first objection, Husband offers a letter he received from his counsel advising him that: "it is my opinion that Judge Giddings would sentence you to the low end of the guidelines, that being 22 years.  He even stated this to me and the prosecutor in chambers at the last hearing." *See* Pet.'s Obj. 2.  Husband also offers his own testimony and affidavit as to what he understood his plea agreement to be.  *See* Pet.'s Aff., ECF No. 15.  Husband asserts that he understood the opinion offered by his lawyer in the letter and in subsequent conversations  to constitute a promise that he would receive a flat twenty-two year sentence.  The state court heard and rejected this claim, citing to the plea hearing

4

transcript wherein Husband admitted that there were no promises made to him regarding his sentence.  *See* Plea Tr. 5-6, ECF No. 18.

The plea  transcript reflects that the state court cautioned Husband as follows: "[y]ou also give up the right to claim that your plea here today was the result of some promise or threat not disclosed to the Court on this Record, do you understand?"  *Id.* at 2.  Husband responded "yes."  *Id.*   Next, the court went on to clarify, "[i]n other words, you can't come back later on and say Mr. Hankins promised me this or the Prosecutor said that, if it's not on the Record here today anything that's part of this plea agreement must be stated on the Record here today or you cannot bring it up later on.  Do you understand that?"  *Id.*  Again, Husband responded "yes."   *Id.*   Additionally, the court inquired, "[h]as anyone promised you any particular sentence if your plea was accepted? That is to say, did anyone tell you that the court would be easy on you or be lenient with you in sentencing you?"  *Id.* at 6.  Husband responded "No."  *Id.*   Accordingly, the state court's finding that Husband's lawyer had not promised him a flat twenty-two year sentence and that Husband's plea was knowing and voluntary was not an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.   And the resulting conclusion that Husband had not been denied the effective assistance of counsel was not a decision that was contrary to or involved an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d).  Consequently, Husband's objection to the magistrate's report on this issue will be overruled.

Next, Husband's second and third objections focus on the "prejudice" prong of the *Strickland* analysis.  *See Strickland*, 466 U.S. at 687.  In order to satisfy the prejudice requirement under *Strickland*, Husband must show that "there is a reasonable probability

5

that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The magistrate judge found that Husband's ineffective assistance of counsel claim must fail because he cannot show he was prejudiced by the actions of his attorney. The evidence against Husband included, among other things, strong eyewitness testimony that Husband committed the murder that he was charged with committing and Husband could not show that but for counsel's alleged promise he would have gone to trial and risked possible multiple life sentences. *See* Report 10. Husband objects that his own affidavit, testimony, and letter to the trial judge, along with his attorney's letters to him show that, if not for counsel's errors, he would have insisted on going to trial. *See* Pet.'s Obj. 5. But this is insufficient to show prejudice under *Strickland*.

In order to show prejudice based on the ineffective assistance of counsel in the context of a guilty plea, Husband must do more that merely allege that he would have gone to trial if his attorney had properly advised him. Rather, a petitioner must show that, but for an act or omission of his attorney, he would not have pleaded guilty because there is a reasonable probability that the result of the proceeding would have been different. *See Strickland,* 466 U.S. at 694; *see also Garrison v. Elo,* 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001) ("If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same, or greater, charges after a trial, he cannot show that the advice to plead guilty prejudiced him." ). Here, Husband offers only his own conclusory statements that he would not have pleaded guilty and would have insisted on going to trial. Moreover, he does not offer any support for the claim that going to trial would

have resulted in a more favorable outcome.  Rather, he only speculates that he may have been found guilty of a lesser charge.

Finally, Husband objects to the magistrate judge's finding that the trial court's denial of his motion to withdraw his guilty plea under governing state court rules does not state a cognizable basis for habeas relief.  Husband contends that his habeas claim is based on denial of effective assistance of counsel, and that because he was not allowed to withdraw his guilty plea on this basis, he was denied due process.  The magistrate judge only noted that Husband's claim did not state a basis for habeas relief "[t]o the extent that he is raising this claim *apart from* his involuntary plea and ineffective assistance of counsel claims." Report 10-11 (emphasis added).  The magistrate judge never suggests that Husband's ineffective assistance of counsel and constitutional due process claims are not a cognizable basis for habeas relief.  Rather, the magistrate judge reviewed Husband's claims and found them to be without merit.  Thus, this objection will also be overruled.

The factual findings of the state court are presumed to be correct under 28 U.S.C. § 2254(e)(1).  *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009).  Indeed, Husband has the burden of rebutting the presumption of correctness as to the state court's factual determinations by "clear and convincing evidence," and he has failed to do so here. Husband argues that he would not have pleaded guilty absent his counsel's promise of a twenty-two year sentence. Yet  Husband cannot show that such a promise was ever made or that the trial court's finding to the contrary was erroneous or unreasonable.  *See Bell v. Cone*, 535 U.S. 685, 699 (2002).  This is especially true in light of the record, particularly the plea hearing transcript, which establishes that Husband's guilty plea was knowingly and voluntarily entered.

7

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the Report (docket no. 32) is **ADOPTED**, and Husband's objections (docket no. 33) are **OVERRULED**.  Accordingly, the petition for habeas corpus (docket no. 1) is **DENIED**.  Final Judgment will be entered by separate Order.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 13, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 13, 2011, by electronic and/or ordinary mail.

Carol Cohron
Case Manager